All right. The first case we're going to start with is Duckett v. Fuller and Mr. Abraga. We'll hear from you. Yes. Thank you, Your Honor. As Director of the Appellate Litigation Clinic at the University of Virginia School of Law, I'd like to introduce to the court this morning third year student Ricardo Campesano, who has satisfied the requirements for practice before this court and who has the consent of our client to argue his appeal this morning. All right. Thank you very much. Welcome, Mr. Campesano. We'll hear from you. Thank you, Your Honor. May it please the court. The court below found that Mr. Duckett's Eighth Amendment claim was precluded on the basis of an earlier suit, McFadden 1, to which Mr. Duckett was not a party. Instead, the district court, rejecting the magistrate judge's recommendation that claim preclusion should not apply here, found Mr. Duckett to be in privity with the losing party in McFadden 1 and therefore found non-party claim preclusion available. That finding was erroneous for two reasons. First, the three supposed facts upon which the district court relied in making its privity determination are all either unsupported by the record or irrelevant to the issue of privity. Second, even if those facts are accepted as true, they still do not bring Mr. Duckett's claim within any of the six exclusive categories of exceptions to the general rule against non-party claim preclusion outlined by the Supreme Court in Taylor v. Sturgill. The first of the three facts upon which the district court relied was that, quote, if McFadden 1 had been successful, then Mr. Duckett would have benefited. This finding is irrelevant to privity. As the Supreme Court noted in South Central Bell Telephone, the mere fact that a non-party benefits from some earlier litigation does not mean, necessarily, that non-party is similarly precluded on the basis of that litigation. It doesn't go two ways, does it? In other words, claim preclusion will preclude somebody from litigating something a second time, but it won't go the other way. It can't be used offensively. If you win on a claim preclusion, you can't use that against a new defendant. That's correct, Your Honor. That is the essence of your argument with respect to the district court's ruling, right? The essence of our argument, Your Honor, is that the error committed by the district court was finding Mr. Duckett, the plaintiff, and Mr. McFadden to be in privity. And in that sense, yes, claim preclusion is being used essentially offensively against Mr. Duckett to say that he is in privity with the plaintiff in McFadden 1 and is, therefore, claim precluded. The Supreme Court stated that plaintiffs should not expect to be precluded as a matter of precedent. They would expect it that the earlier litigation provided them some benefit. They would simply find that that case finds them in the same way that a decided case finds every citizen. So to agree with the district court that this would have... Do I recall correctly that the earlier McFadden suit involved a different institution? That's correct, Your Honor. The McFadden suit was filed with relation to allegedly unconstitutional actions taken at Kirkland Correctional Institution, where Mr. Duckett was not housed. And Mr. Duckett has only been there on three limited occasions to get medical care. In contrast, this suit brought by Mr. Duckett is with regard to allegedly unconstitutional actions taken at Kershaw Correctional Institution. The second fact upon which the district court relied was finding that the suits seek similar orders and that the complaints between the two suits are, quote, at their core identical. This finding is similarly irrelevant to Privety and suffers from multiple factual errors. First, the two suits allege different injuries. Although it's true that both claim that the two prisons are serving insufficient portions of food and are thereby serving insufficient nutrients to the patient, Mr. Duckett goes further and states that the Kershaw prison is falsely publishing as beef dishes that instead contain only mechanically separated chicken or organ meats. Further, in Mr. Duckett's special interrogatory in the joint appendix at 26, he lists ailments from which he suffers and medications that he has to take. Yeah, but you can't rest your argument on that business. You know, if he's bound by the first suit, he's going to have to allege those things in the first suit or be precluded by him. It seems to me your argument is whether he's bound by the first suit because of his relationship with McFadden. That's correct, Your Honor, and I merely highlight. I'm sorry, is that correct? Do you concede that this is the same claim for race judicata purposes in the two suits? No, Your Honor, we would not concede that point necessarily, but we do highlight this claim that it is irrelevant to the privity determination and simply. Well, I guess I'm not clear on this, so you're not conceding it or you are conceding it. You do think the two claims, I thought in response to Judge Niemeyer, you acknowledged that for race judicata purposes, you would have to concede that the two claims are similar or one was foreclosed by the other. I apologize for the confusion, Your Honor. We are not conceding that the two causes of action are the same because Mr. Duckett is alleging that there is the false publication. Let me ask you, if Mr. Duckett filed the McFadden suit himself and lost, you think he could file this suit? No, Your Honor, because in that case, the third. I mean, your argument would be that this suit is different from the one he just filed and therefore is not precluded. Now you're saying he would be precluded. In other words, if Duckett filed the first suit in the other institution and then filed this suit, would he be precluded? Well, the reason that he would. Yes or no? Yes, Your Honor, because in such a situation, Mr. Duckett would have had the opportunity to raise the false publication. Well, that was what my question was about then. You shouldn't be arguing the difference in the suits. If Duckett would be precluded, then the only issue is whether Duckett is in a relationship with McFadden such that he's bound by the McFadden judgment. But the similarity in the complaints is similar enough that you say if Duckett filed them both, he'd be precluded on the second, wouldn't he? Yes, Your Honor. Well, I will concede that point then, but well, focus on the first two. We're just trying to figure out where it is. Sure. Well, my apologies. The focus of our appeal, however, is the privity issue as between McFadden and Duckett, which is one element of the requirements for claim preclusion. The similarity between the causes of action is an independent issue and is not the one we are arguing primarily here on appeal. And the third and final factual finding upon which the district court based its privity finding was that, quote, if McFadden one had been successful, then Duckett could have argued that issue preclusion bars the defendants from denying litigated facts. That finding is both speculative and irrelevant. It is speculative in the sense that McFadden one was, of course, not favorable for the plaintiff there. So it is difficult to know what whether issue preclusion would have applied in this case as a result. And because issue preclusion only applies to those issues that were not only litigated, but were also necessary to the judgment in the earlier earlier suit, it is impossible to know what issues would have been deemed necessary to the judgment in the district court's hypothetical opposite outcome. Seems to me that the argument you're going to hear against you has to do with has to be that the Duckett suit is nothing more than McFadden's effort to have an end run around race judicata because he lost the earlier suit. And so he's using Duckett as a puppet. That's got to be the argument, isn't it? Yes. And we have taken note in the appellee's briefs that that argument has been raised. And that is certainly one of the categories under Taylor v. Sturgill by which non-party claim preclusion could be found. But with regard to that category, the Taylor court stated that courts should look to agency law in making that determination and that, quote, preclusion is appropriate under that category only if the putative agent's conduct of the suit is subject to the control of the party who is bound by the prior adjudication. However, merely getting help from a third party's agent or mean that one is under the control of that third party inmates who are illiterate or who may be intimidated by the workings of the judicial system may need the assistance of a jailhouse lawyer in order to properly pursue their claims. We believe that Mr. McFadden's role is best seen as that of a jailhouse lawyer assisting Mr. Duckett in Mr. Duckett's pursuit of Mr. Duckett's claims. To find an agency relationship based solely on that would imply that indigent inmates, I'm sorry, illiterate inmates could be barred from pursuing claims in court on their own behalf simply because their jailhouse lawyer pursued similar litigation without the illiterate. They both have to eat the same food, don't they? So Duckett has his own injury. Yes, Duckett has injuries that are personalized to himself. I looked at the menu. It didn't look that bad, but I suppose the preparation suffers, maybe, at least according to his allegations. Well, right. Having not tasted it myself, I can't testify personally to that. But I would say that because part of Duckett's complaint involves false publication, even if the menu may look appetizing on paper, there is no way to know whether that is still not sufficient to protect him against cruel, unusual punishment under the Eighth Amendment. Turning to the other Taylor categories in issue here, one is whether there is a substantive legal relationship between Mr. McFadden and Mr. Duckett. And the Taylor court stated that those kinds of relationships are property based and gave the examples as those between an assigner and an assignee or a bailor and a bailee. And here we do not see any such kind of relationship or any kind of similar fiduciary relationship at all. Mere association between two persons is not a legal relationship necessarily, let alone a substantive legal relationship. It is not enough that Mr. McFadden and Mr. Duckett have appeared previously as co-plaintiffs in earlier suits and to find as much would overly broaden this category. The third and final category that was placed into question here on appeal was the adequate representation category. And the Taylor court stated that such adequate representation exists only if either the party in the earlier litigation understood him or herself to be acting in a representative capacity or the earlier court took steps to protect the interests of non-parties. Here, there is no evidence that Mr. McFadden understood himself to be acting in a representative capacity. And further, this court has held in Fowler v. Lee that it is plain error for a pro se inmate to represent other pro se inmates in such an action. And second, there is no evidence that the earlier court took any steps to protect the non-party's interests, not because the court did not know who Mr. Duckett was, let alone whether he had interests that needed protection. A better example of a case that would fit that requirement would be, say, a class action lawsuit wherein the earlier court could create opt-in or opt-out provisions that would help to protect the non-party's interests. So the three factual findings that I alluded to earlier from the district court, although erroneous and irrelevant to the issue of privity... Was this a 12B6 decision? Yes, Your Honor. The appellees asserted a claim preclusion-based affirmative defense and the lower court granted it on 12B6 grounds. So the three factual findings upon which the district court relied led the district court to conclude that McFadden and Duckett had the same legal right and were therefore in privity. But to accept this reasoning from the district court requires also accepting the losing argument from Taylor v. Sturgill, namely that non-party claim preclusion can be found when there is simply a quote, close enough relationship between the two individuals. The Taylor court sought to get rid of the gray area with respect to non-party claim preclusion, and in light of Taylor, the district court's reasoning falls well short of a sufficient factual basis to find non-party claim preclusion available. And further, with respect to Taylor, this court reviews claim preclusion-based motions to dismiss de novo, and it is not clear from neither the order nor the recommendation of the magistrate judge what test the district court was employing in making its privity determination. The Taylor court made the test very clear. If the facts of a case do not fit within any of the six exclusive categories outlined in Taylor, then non-party claim preclusion cannot be applied. In conclusion, ultimately there are only two inquiries that this court needs to make. The first is whether the district court had an adequate... How did the court incorporate the prior decision? Was it judicial notice? Duckett's complaint didn't allege the prior decision. It was cited in their motion. Well, I know, but 12b-6 just challenges the face of the complaint to see whether it's sufficient, and they can't add it unless it's a summary judgment motion. But I suppose they can add it by judicial notice or any other some aspect where it's in the public domain where the court can take it into account. Yes, Your Honor, and I believe the appellees did cite to that in their brief citing to colonial pen insurance stating that this court or that a court may take judicial notice of other proceedings that are going on before it or have been before it in the past. Does that cover it? Yes, Your Honor, if you have no further questions. Okay, thank you, Mr. Compton. Ms. Bias. May it please the court. My name is Sheila Bias, and I represent appellees Fuller and Ball in this matter. We will respectfully request that the court affirm the district court's decision of appellees' motion to dismiss on race judicata grounds. And the central inquiry here, obviously, is whether there was privity between appellant and inmate McFadden. And just to address Your Honor's question, procedurally, this was a 12b-6 motion to dismiss, and Judge Childs, the district court judge, sought to take judicial notice of these prior proceedings. And interestingly, as we put it... go beyond that. In other words, this complaint is a segregated complaint. It's now been segregated, and Mr. Duckett has filed additional allegations with respect to how the food injured him and this type of thing. How do we get a notion that somehow this is an end run around race judicata that's being orchestrated by McFadden? Well, I understand that that is an interesting leap, so to speak. So this was raised in our motion to dismiss. The attorney who handled the district court, which is actually the Honorable Judge Newman now, handled McFadden 1 and McFadden 2. And Judge Childs handled all of these cases that were severed. And so in the motion to dismiss, we raised the issue of race judicata that Mr. McFadden is in privity with Mr. Duckett in this case after these cases were severed. And so that is kind of how it was there. How did you make that allocation? You just put it in your responsive paper memorandum? Yes, it was in our motion to dismiss. That was the grounds. And what did you get for support for that? What did you rely on to make that allocation? We relied on the filings from the McFadden 1 lawsuit as well as... Well, McFadden 1, McFadden filed on his own behalf. So there's no issue there, right? Well, actually McFadden 1, he filed it on behalf of himself and another inmate. And McFadden 1 was actually severed. But that was not Duckett? No, it was not Duckett. So McFadden filed a lawsuit on behalf of himself and another inmate. So that's clear. Now, how do you go further and establish that McFadden was somehow in privity with Duckett? Well, it's our position that McFadden is, as Your Honor stated, kind of the puppeteer in structuring this litigation. I know that's your position, but where do you get that? Based on concepts of privity and what... And where are the facts in this case? The facts in this case are that both of the inmates are inmates within the South Carolina Department of Corrections. Both of the inmates are challenging the nutritional quantity of the food, and it is a master menu. So the fact that they are at separate institutions is immaterial to the analysis because the food is the same, whether it's at Kirkland or at Kershaw. So you have that. Both of the inmates are also raising the same right. They're challenging the nutritional quality in the context of their Eighth Amendment constitutional right against cruel and unusual punishment. And that's it? Yes, Your Honor. So you have McFadden filing a suit on his own behalf and another inmate at another institution. He comes to this institution and he files a claim of challenging the menu, and Duckett files one too. Both of them are in parallel in this institution, and they're challenging the same menu. And so that means that they're now bound by the earlier... Duckett's now bound by the earlier decision? Well, Your Honor, a little bit differently, Duckett did not file this lawsuit separately. This is... Duckett's lawsuit is... There were 16 of them? Actually, Your Honor, there were 16 of them in one case and there were 90 of them in another case. So Mr. Duckett was involved with Mr. McFadden and several other inmates in multiple purported class action lawsuits challenging the nutritional quality of the food within SCDC. All right. So it wasn't Duckett raising the claim completely on his own. It's a very odd procedural posture. You suggest that the facts you've just outlined are sufficient to make Duckett the puppet of McFadden, that this is really McFadden's lawsuit? Yes, Your Honor. And I also would direct the court to page 78 of the record. In the informal brief, Mr. Duckett... The relief that he seeks is discovery to allow the case to get facts to support McFadden's mandamus claim. So appellant himself has claimed that the whole purpose of this lawsuit and the relief that he is seeking from this court is to have discovery to seek facts to support McFadden's lawsuit. So... So these are all prisoners experiencing the same problem. They're all eating this food and they're all complaining about the food and they're all filing lawsuits. Yes, Your Honor. But the fact that one of these prisoners in some other context earlier lost one of those lawsuits, does that mean all these prisoners are now bound? Yes, Your Honor. And because there was a set main menu that was served to all of the inmates. And I understand they're challenging the same thing, but we have a different person challenging them. We have Duckett challenging them. He's the one that has to eat that food. Yes, Your Honor. But that food has already been determined, judicially determined to be nutritionally sound. So you don't get to Mr. Duckett's individual... Well, that'll bind McFadden, won't it? Yes, it will. So the question is whether it will bind Duckett if he makes his own effort to challenge it. Yes, Your Honor. And that is the key inquiry here. Is there privity sufficient enough between these two that it binds him? And it is our position that there is. Mr. Duckett, excuse me, Mr. McFadden is not just a mere scrivener. He's not merely just a jailhouse lawyer. Yes, he does have a reputation as that, but when you look... Where are you getting all these facts? These are either in the filings with the court, they are in the various ECF dockets with the court, and the various litigation that's gone on with this. And I've cited to the... I know, but they're in your brief below, but they're not supported by anything. In other words, McFadden may be the jailhouse lawyer. I'm not sure that that's been demonstrated, but number one, but number two, what difference does that make? Well, in our opinion, Your Honor, it doesn't matter that he's a jailhouse lawyer. I was just responding to their argument. The fact is, I think that it takes it a step further that he was a party plaintiff in these lawsuits. If he was merely the scrivener, I think it's a different inquiry. But the fact that he has been a party plaintiff to all these lawsuits that started out as purported class actions, which I understand are not allowed, and we certainly are not advocating that as well. The district court seemed to apply a principle that on claim preclusion, if it goes both ways. They said if he had won, there would be a benefit, and therefore he's bound by it if they lost. Yes, the district court... Is that a correct statement of law? I don't believe that's a correct statement of law, but I would direct the court's attention. One of the reasons that Mr. Duckett contends that the claims were identical and they weren't previously litigated, and his objections to the report and recommendation, are that he has not seen any changes in the food. And that's actually, in fact, what McFadden 1 mandated. Because the food was found to be nutritionally sound, there did not need to be any changes in the food. And this is demonstrating that Mr. Duckett is attempting to re-litigate these issues. Because this is the same issue of whether SCDC needs to change the food that it's providing to the inmates. And so if a district court has already found that SCDC does not need to make that change, then similarly, Mr. Duckett's complaint about this has already been litigated. He's attempting to re-litigate what... It wasn't determined against him. That prior lawsuit didn't bind him. No, Your Honor, because he was not a party to that particular lawsuit, but that issue has already been decided. You want him bound now and he hasn't had his day in court. Well, Your Honor, a day in court doesn't necessarily mean a trial. He has definitely filed this lawsuit. But it also means more than having your complaint dismissed. Your complaint in which every allegation has to be construed in the favor of the person that files the complaint. I think, Your Honor, the purpose of a 12B6 motion does tend to have those effects of not having people to fully litigate to summary judgment stage or trial. That's its whole purpose. What do you mean it tends to have that effect? Well, yes, Your Honor, that is its purpose. I'm sorry, I misspoke. So that does not necessarily mean he's not gotten his day in court. That's a threshold. But we assume all the facts he's alleged to be true. Yes, Your Honor. And ask the question, is it sufficient? Yes. And it may be that if there was a substantive Eighth Amendment challenge based on what he says, he may not survive. We don't know because that's not the challenge here. The only challenge here is that he can't even make the allocations because some other prisoner lost. Yes, Your Honor. And, Your Honors, I believe we have covered everything that I intended to argue. If there are no other questions, I'll rest on my brief. Thank you. Thank you. Mr. Just a couple of points I'd like to make on rebuttal. First of all, as Your Honor alluded to, there is simply not evidence on record to indicate that Mr. Duckett is the puppet or agent or representative of Mr. McFadden. And on that basis alone, this decision should be reversed and sent back to the district court to conduct a proper privity analysis. I believe the appellees attempted to argue that merely because Mr. Duckett and Mr. McFadden might be considered to be similarly situated, that there would be some sort of adequate representation of Mr. Duckett by Mr. McFadden in the earlier litigation. And I'd like to quote from a case from the Southern District of Florida that kind of helps to make that distinction clear. There, the court stated that the plaintiffs in the present suit because they were all persons that happened to have mobility disabilities and were seeking similar relief. But in that case, the court stated that the defendant cites no case law, nor did the court on its own find any, suggesting that such similar situation would be adequate to find adequate representation for the purposes of claim preclusion. Further, these were not class actions. Although Mr. McFadden in the earlier suit attempted to classify his suit as such, that argument and attempt was quickly thrown out by the district court because it is plain error for a pro se inmate to attempt to represent in a class action on behalf of other pro se inmates. This is not an attempt to relitigate McFadden 1 by any means because Mr. Duckett had no opportunity to litigate in McFadden 1. As your Honor stated, Mr. Duckett has not had his day in court and therefore claim preclusion is plainly improper. And there are only two... He only had an unfortunate day in court. Yes. His case was dismissed. That's right. And he's not been allowed to have his full and fair opportunity to litigate. There are really only two inquiries that this court needs to make. The first is whether the district court had an adequate factual basis for its privity determination. And the second is whether the district court had an adequate legal basis for its determination. And the answer to both of those inquiries is no. And accordingly, this court should reverse the lower court's grant of Apley's motion to dismiss and remand this case to the district court to allow it to subject the real facts of this case to the proper legal standard. If there are no further questions... I want to acknowledge the fact that Professor Braga and you were appointed by the court to represent Mr. Duckett in this case and recognize and thank you for your help in this regard. We'll come down and greet counsel and then proceed on to the next case. Thank you.
judges: Paul V. Niemeyer, Diana Gribbon Motz, Max O. Cogburn Jr.